IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ROBERT L. WASHINGTON, JR.,

    Plaintiff,

vs.                             No. 2:16-cv-02555-JTF-dkv

AMERICAN WAY MOTORS, INC. d/b/a
AUTONATION HONDA 385,

    Defendant.

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO COMPEL ARBITRATION AND DISMISS COMPLAINT

_____

Before the court is the September 12, 2016 motion of the defendant, American Way Motors, Inc. ("American Way Motors"), to compel arbitration and dismiss this lawsuit. (Mot. to Compel Arbitration, ECF No. 18.) In support of its motion, American Way Motors filed the affidavit of Brian A. Davis ("Davis"), Vice President, Assistant General Counsel of AutoNation, Inc., (Davis Aff., ECF No. 20-1), and the affidavit of Elisa Altmark, Director of Human Resources for AutoNation, Inc., (Altmark Aff., ECF No. 18-2). Also before the court is a pleading entitled "Motion to Move Forward with Arbitration/Mediation" filed by the plaintiff, Robert L. Washington, Jr. ("Washington"), proceeding *pro se*. (ECF No. 21.) Although it is styled and docketed as a motion, it is in essence a response to American Way Motors'

motion to compel, and the court will treat it as such. In the response, Washington acknowledges that he signed an arbitration agreement upon his hire as an employee of AutoNation Honda 385 and that he concurs with American Way Motors' motion for arbitration. (Pl.'s Resp., ECF No. 21.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order, 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that the motion to compel arbitration be granted.

## I. PROPOSED FINDINGS OF FACT

This is an employment discrimination action in which Washington alleges that American Way Motors discriminated and retaliated against him in violation of Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e *et seq.*, the American with Disabilities Act of 1990, 42 U.S.C. § 12112, *et. seq.* ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). (Compl., ECF No. 1.) Jurisdiction is based on federal question.

Washington was hired by American Way Motors as a new car salesman on May 12, 2014. (ECF No. 1-1.) It is undisputed that at the time of his hire, he signed an Arbitration Agreement which provides that any claim against American Way Motors will be resolved through final and binding arbitration:

Both employee signing below (the "Employee") and the Company (as defined below) agree that any claim, dispute, and/or controversy between them which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with Employee's seeking employment with, employment by, termination of employment from, or other association with the Company, shall be resolved through mandatory, neutral, binding arbitration on an individual basis only.

(Def.'s Mem. in Support of its Mot. 5, ECF No. 18-1.) The Agreement further provides that:

This Agreement covers all theories and disputes, whether styled as an individual claim, class action claim, private attorney general claim or otherwise, and includes, but is not limited to, any claims of discrimination, harassment, breach of contract, tort, or alleged violations of statutes, regulation, or ordinance, or any claims in equity.

*(Id.* at 6.)

## II.  PROPOSED CONCLUSIONS OF LAW

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-307, federal law applies to a written provision in a contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract."  9 U.S.C. § 2.  Thus, the FAA governs any agreement to arbitrate contained in a contract relating to interstate commerce.  The term "commerce" for purposes of § 2 of the FAA means "commerce among the several States or with foreign nations."  *Id.* § 1.  Congress intended this section to apply to all contracts within its power to regulate commerce under Art. 1

§ 8, cl. 3 of the Constitution.  *See Am. Airlines, Inc. v. Louisville & Jefferson Cnty. Air Bd.,* 269 F.2d 811, 815-16 (6th Cir. 1959); *Tenney Eng'g Inc. v. United Elec. Radio and Mach. Workers of Am.,* 207 F.2d 450, 453 (3rd Cir. 1953).  Specifically excluded are contracts of "employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  9 U.S.C. § 1.  The Supreme Court has held that this exception "exempts from the FAA only contracts of employment of transportation workers" and not all employment contracts.  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001).

In the present case, the parties do not dispute that American Way Motors is engaged in interstate commerce.  Because Washington is not a seaman, railroad worker, or transportation worker, the employment contract at issue here is not excluded from the FAA.

The FAA preempts state law on the issue of arbitrability in dealing with those contracts falling under the FAA.  *See Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  In *Moses H. Cone*, the Supreme Court, affirming a Fourth Circuit judgment enforcing an arbitration clause, stated that the federal act governed the issue of arbitrability of the dispute between parties:

Section 2 is a congressional declaration of a liberal
federal policy favoring arbitration agreements,
notwithstanding any state substantive or procedural
policies to the contrary. The effect of the section
is to create a body of federal substantive law of
arbitrability, applicable to any arbitration agreement
within the coverage of the Act.
. . .

The Arbitration Act establishes that, as a matter of
federal law, any doubts concerning the scope of
arbitrable issues should be resolved in favor of
arbitration, whether the problem at hand is the
construction of the contract language itself or an
allegation of waiver, delay, or a like defense to
arbitrability.

*Id*. at 24-25.

"Section 4 of the [FAA] sets forth the procedure to be
followed by a district court when presented with a motion to
compel arbitration." *Winn v. Tenet Healthcare Corp.,* No. 2:10-
cv-02140-JPM-cgc, 2011 WL 294407, at *1 (W.D. Tenn. Jan. 27,
2011)(citing 9 U.S.C. § 4 & *Great Earth Cos., Inc. v. Simons,*
288 F.3d 878, 889 (6th Cir. 2002)). In relevant part, that
section provides as follows:

A party aggrieved by the alleged failure, neglect, or
refusal of another to arbitrate under a written
agreement for arbitration may petition any United
States district court . . . for an order directing
that such arbitration proceed in the manner provided
for in such agreement. . . . The court shall hear the
parties, and upon being satisfied that the making of
the agreement for arbitration or the failure to comply
therewith is not in issue, the court shall make an
order directing the parties to proceed to arbitration
in accordance with the terms of the agreement. . . .

9 U.S.C. § 4.

When considering a motion to compel arbitration, the district court has four tasks:

> (1) it must determine whether the parties agreed to arbitrate; (2) it must determine the scope of that agreement; (3) if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Sellers v. Macy's Retail Holdings, Inc.*, No. 2:12-CV-02496-SHL, 2014 WL 2826119, at *6 (W.D. Tenn. June 23, 2014)(citations omitted). In determining whether the parties agreed to arbitrate, ordinary state law principles governing the contract formation apply. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 973-74 (6th Cir. 2007). While "§ 2 of the Act preempts state statutory and case law that treats arbitration agreements differently from any other contract," it also "preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." *Cook Chocolate Co. v. Salomon, Inc.* 684 F. Supp. 1177, 1182 (S.D.N.Y. 1988). Thus, Tennessee law governs whether a valid, enforceable contract exists.

Under Tennessee law, a contract is enforceable if there was mutual assent between the parties and sufficient consideration to support the arbitration agreement. *Brubaker v. Barrett*, 801

6

F. Supp. 2d 743, 751 (E.D. Tenn. 2011). A signature on an arbitration agreement evidences assent. *Id.* at 756-57. Further, under Tennessee law, employment constitutes sufficient consideration to support an arbitration agreement. *Fisher v. GE Med. Sys.*, 276 F. Supp. 2d 891, 894-95 (M.D. Tenn. 2003).

The Arbitration Agreement in this case is a binding agreement to arbitrate. Washington admits to signing an Arbitration Agreement at the time he was hired. Washington's continued employment and the parties' mutual assent to be bound by the Arbitration Agreement constitutes sufficient consideration. *Fisher*, 276 F. Supp. 2d at 895.

All of Washington's claims in this lawsuit are covered by the arbitration agreement. The Arbitration Agreement applies to any claims alleging a violation of law where the alleged violation refers to and arises from the employment relationship. Washington's complaints allege Title VII, ADA, and ADEA discrimination and retaliation claims, all of which relate to his employment with American Way Motors. Thus, all of his claims in this lawsuit are covered and arbitrable.

Congress has not excluded any of Washington's federal claims from arbitration. The law is clear that Title VII, ADA, and ADEA claims and retaliation claims are subject to arbitration. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 23 (1991)(holding that ADEA claims are subject to

arbitration); *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462 (6th Cir. 1999)(recognizing that a plaintiff in an employment discrimination case waives her right to pursue a private cause of action by agreeing to arbitrate); *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 310 (6th Cir. 1991) (holding that claims arising under Title VII are subject to arbitration); *Terry v. Labor Ready, Inc.*, No. 02-1034, 2002 WL 1477213, at *1-3 (W.D. Tenn. July 2, 2002)(compelling arbitration in Title VII case).

Because there is a binding agreement to arbitrate governed by the FAA and American Way Motors is entitled to an order compelling arbitration, the court must determine whether to stay or dismiss this lawsuit pending arbitration. "The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir.2000)(quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)); *Sellers*, 2014 WL 2826119, at *10-11 (granting motion to compel arbitration and dismissing case without prejudice). Because all claims in this lawsuit are subject to arbitration, this case should be dismissed without prejudice.

III. RECOMMENDATION

For the reasons stated above, the court finds that a valid arbitration agreement exists between Washington and American Way Motors, that the current dispute between the parties falls within the scope of that agreement, and that Congress has not excluded any of Washington's federal claims from arbitration. Accordingly, it is recommended that American Way Motors' motion to compel arbitration be granted, that Washington be required to submit all his claims against American Way Motors to arbitration, and that Washington's lawsuit be dismissed without prejudice.

RESPECTFULLY SUBMITTED this 1st day of November, 2016.


s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE


NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.