IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| ROBERT L. WASHINGTON, JR., | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-2555-JTF-dkv |
| | ) | |
| | ) | |
| AMERICAN WAY MOTORS, INC., | ) | |
| d/b/a, | ) | |
| AUTONATION HONDA 385, | ) | |
| | ) | |
| Respondent. | ) | |

___

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL ARBITRATION
AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
___

On July 7, 2016, Plaintiff Robert L. Washington, Jr., proceeding *pro se*, filed a complaint alleging racial discrimination under 42 U.S.C. § 2000, along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel.[1] (ECF Nos. 1, 2 & 3). On July 7, 2016, the matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 1915 (e)(2)(B) and L.R. 4.1(b)(2). On September 12, 2016, the Defendant's filed a Motion to Compel Arbitration and Dismiss Plaintiff's Complaint. (ECF No. 18). On September 21, Plaintiff filed a Motion to Move Forward with Arbitration/Mediation. (ECF No. 21). On November 7, 2016, the Magistrate Judge issued a Report and Recommendation that the Court dismiss this case without

___

[1] On July 18, 2016, Plaintiff filed a similar complaint in Case No. 1:16-cv-2595, *Robert L. Washington, Jr. v. American Way Motors, In*c., that was administratively closed by the Magistrate Judge on July 26, 2016. (ECF Nos. 1 and 8).

1

prejudice and grant the Defendant's Motion to Compel Arbitration. (ECF No. 23). To date, Plaintiff has not filed any objections.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Court Judge may accept, reject, or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

## III. FACTUAL HISTORY

The Magistrate Judge's report and recommendation offers proposed findings of fact to which Plaintiff has not objected. (ECF No. 23, pp. 2-3). As such, the Court adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

## IV. ANALYSIS

In the report and recommendation, the Magistrate Judge recommended that the Court grant Defendant's Motion to Compel Arbitration and dismiss this matter without prejudice. The Magistrate Judge determined that under the Federal Arbitration Act, ("FAA"): 1) American Way Motors is engaged in interstate commerce; 2) Plaintiff's employment as a new car salesman is

not excluded from coverage under the FAA and, 3) under Tennessee law, the parties in this matter had entered into a valid and enforceable contract. Specifically, the Magistrate Judge determined that the Arbitration Agreement was enforceable because Washington's signature on the agreement and his employment by the Defendant evidenced sufficient consideration. She also concluded that all of Plaintiff's alleged claims are subject to arbitration and are therefore waived. (*Id*. at 3-8). *EEOC v. Frank's Nursery & Crafts, Inc*., 177 F.3d 448, 462 (6th Cir. 1999) and *Green v. Ameritech Corp*., 200 F.3d 967, 973 (6th Cir. 2000). The Court agrees.

It is undisputed that an Arbitration Agreement was executed by the parties in this case. (ECF No. 18-2, pp. 7-9). The agreement contained a provision regarding discrimination claims and that both the employee and the employer or "company" waived their respective right to a trial by jury. (ECF No. 18-2, ¶¶ 4 and 8). A reading of the agreement proves that it is a binding contract under Tennessee law. Plaintiff's request to "Move Forward With Arbitration/Mediation" filed on October 27, 2016, acknowledges that an Arbitration Agreement was executed and his willingness to proceed in that manner. (ECF No. 21). Plaintiff has not raised any issues regarding the terms of the Arbitration Agreement or any improprieties surrounding the execution of the document as a condition of his employment. *Seawright v. American General Financial Services, Inc*., 507 F.3d 967, 972 (6th Cir. 2007). Lastly and just as important, Plaintiff has also failed to submit any objections to the Magistrate Judge's report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2).

## **CONCLUSION**

Upon a *de novo* review of the Magistrate Judge's Report and Recommendation, the Defendant's Motion to Compel, supporting documentation, the Arbitration Agreement, and

Plaintiff's Motion to Move Forward with Arbitration/Mediation, the Court finds the Magistrate Judge properly determined that a valid and enforceable Arbitration Agreement was executed in this case. (ECF No. 18-2). Therefore, the case is ordered Dismissed without prejudice and the Defendant's Motion to Compel Arbitration, ECF No. 18, is Granted. The parties are ordered to pursue Arbitration in accordance with the terms of the Arbitration Agreement executed on May 12, 2014.

**IT IS SO ORDERED** on this 18th day of November, 2016.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE